UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROOSEVELT WILLIAMS,           )
                              )
            Petitioner,       )
                              )
      v.                      )     CAUSE NO. 3:11-CV-290 PS
                              )
SUPERINTENDENT, Indiana       )
State Prison,                 )
                              )
            Respondent.       )

## OPINION AND ORDER

Petitioner Roosevelt Williams, a prisoner confined at the Indiana State Prison, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, dealing with loss of earned credit time at a prison disciplinary hearing [DE 1]. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974);

*see also Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *see also Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

According to the petition, the disciplinary hearing board ("DHB") found Williams guilty of possession or use of a controlled substance and took 30 days of earned credit time from him. In Ground Two of his petition, Williams asserts that the DHB denied him a witness [DE 1 at 4], and in Ground Four, he alleges that he was denied the right to present evidence [*Id*. at 7]. Giving Williams the benefit of the inferences he is entitled to at this stage of the proceedings, these grounds may state claims upon which relief may be granted.

In Ground One of his petition, Williams asserts that the "screening officer failed to inform [him] of the right to have a lay advocate or mention if any were available" [*Id*. at 3]. Williams asserts that the "Indiana Department of Corrections guarantees to ALL adult prisoners, in writing, specific functions and criteria for use of the lay advocate(s)" [*Id*. at 4]. However, the Constitution does not entitle a prisoner to a lay advocate at a prison disciplinary hearing unless he is illiterate or the charge against him is so complex that it is unlikely he will be able to collect and present the evidence necessary for an adequate comprehension of the case. *Wolff* , 418 U.S. at 570; *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992).

Nothing in Williams' submissions suggests that he is illiterate or was unable to gather evidence, and the charge against him – possession or use of a controlled substance

2

– is simple and straightforward. Accordingly, Ground One of Williams' petition states no claim upon which relief can be granted.

In Ground Three of his petition, Williams asserts that he was denied an impartial hearing officer because the hearing officer did not follow Indiana Department of Correction rules and guidelines [DE 1 at 5]. Due process requires that decision-makers in prison disciplinary proceedings be impartial in that they have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). *Wolff* guarantees that the author of the conduct report or someone involved in investigating the incident does not serve as a hearing officer. *Redding*, 717 F.2d at 1113.

Williams does not allege that the hearing officer had any involvement in investigating the charge against him or charging him with possession or use of a controlled substance. Rather, he complains that the hearing officer did not follow Indiana Department of Correction guidelines. But Williams is not guaranteed a hearing officer who will not make mistakes conducting the hearing. Due process requires only that the author of the conduct report or someone involved in investigating the incident does not serve as a hearing officer. *Redding*, 717 F.2d at 1113 ("due process prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body") (internal quotation marks and citations omitted). Nothing in Williams' petition suggests that his hearing officer was not impartial under this standard**.** So Ground Three of Williams' petition states no claim upon which relief can be granted.

For the foregoing reasons, the Court:

(1) **GRANTS** the Petitioner leave to proceed on Grounds Two and Four of his petition for writ of habeas corpus;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, **DISMISSES** Grounds One and Three of the petition; and;

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the Respondent and the Indiana Attorney General along with the order to show cause, which the Court will enter simultaneously with the entry of this order.

**SO ORDERED**.

ENTERED: September 2, 2011

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT