UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ROOSEVELT WILLIAMS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **CAUSE NO. 3:11-CV-290 PS** |
| ) | |
| **SUPERINTENDENT, Indiana** ) | |
| **State Prison,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION AND ORDER**

Petitioner Roosevelt Williams, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time at a prison disciplinary hearing. In my initial review of the petition I dismissed two of the grounds for relief pursuant to Rule 4 of the Rules Governing Section 2254 Cases. That left three grounds for relief which I now take up.

First, a brief summary of the facts as alleged by Correctional Officer J. Sikorski in a conduct report charging the Petitioner with use or possession of a controlled substance:

> On 31 January 2011 at approx 120p[m] I was performing a security walk with Supt. Wilson. While on 400N of ACH, Supt. Wilson stepped into 422, pulled the curtain back to reveal offenders Williams (974618), Mayberry (172239) and Wright (147237) smoking something that smelt (sic) like marijuana. Offenders Wright (147237) and Williams (974618) immediately stood up and threw what appeared to be marijuana cigarettes into the toilet and flushed it.

DE 10-1.

At screening, Williams requested Officer Sikorski, the author of the conduct report, as a witness, and requested the videotape of the incident and urinalysis results as physical evidence [DE 10-2]. On February 16, 2011, Disciplinary Hearing Officer Stacy Nolan found Williams guilty of the charge against him and sentenced him to a thirty-day loss of commissary privileges and a thirty-day earned credit time deprivation [DE 10-9]. The Petitioner took an administrative appeal, but the reviewing authorities affirmed the finding of guilt [DE10-10].

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).  Only "some evidence" has to support the decision of the prison disciplinary board.  *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

## DENIAL OF WITNESSES

The Petitioner asserts in ground two of his petition that by not allowing him to obtain information from Officer Sikorski, beyond what was in the conduct report, the hearing officer violated the Sixth Amendment and Fourteenth Amendments [DE #1 at 5]. Officer Sikorski is not an exculpatory witness; he wrote the conduct report against Williams and is therefore his accuser.  Williams states that ne needed Officer Sikorski as a witness so he could undermine the conduct report Officer Sikorski wrote against him [DE 13-1 at 2].

2

The Sixth Amendment guarantees persons charged with crimes the right to confront and cross-examine their accusers. But "prison disciplinary hearings that deprive inmates of good time are not considered 'criminal' (proceedings)." *Sash v. Zenk*, 439 F.3d 61, 63 (2nd Cir. 2006), citing *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). While prisoners have a due process right to call exculpatory witnesses at disciplinary hearings, they do not have the right to confront or cross-examine their accusers. *Wolff v. McDonnell*, 418 U.S. at 567. That the hearing officer did not require the author of the conduct report to respond to Williams' attempts to cross-examine him did not deprive Williams of due process.

Williams also asserts that the hearing officer did not permit him to get a witness statement from Officer Parnell, in violation of the Sixth Amendment's "right to obtain witnesses in favor of defense" and the Fourteenth amendment's due process clause [DE 1 at 5]. As previously noted, the Sixth Amendment has no application to prison disciplinary hearings. *See Sash v. Zenk*, 439 F.3d at 63.

The Respondent argues that the denial of a witness statement from Officer Parnell is not actionable because Williams did not request testimony from Officer Parnell when the matter was initially screened. It is true that *Wolff v. McDonnell* requires that prisoners be permitted to submit relevant exculpatory evidence, but that right is waived unless the prisoner requests the evidence and witnesses before the hearing. *Id*. at 566-67. In other words, a prisoner can't waltz into the hearing and request to call a witness. *Miller v. Duckworth*, 963 F.2d 1002, 1004 n.2 (7th Cir. 1992). Prison officials can require prior notice. It appears in this case that Williams did give prior notice of his need for Parnell as a witness. [DE 10 at 3].

But just because Williams properly asked that a witness be called does not mean the request has to be granted. Indeed, prison disciplinary boards may decline to hear witnesses whose testimony would be irrelevant or repetitive. *Pannell v. McBride*, 306 F.3d 499, 503 (7th

Cir. 2002). In habeas corpus cases, a due process error is harmless unless it has a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432, 435-36 (1995).

According to Williams, Officer Parnell was the "urine testing officer" who conducted a test on Williams [DE 1 at 5]. However, the validity of the urine test Officer Parnell administered to Williams is not at issue because the hearing officer did not rely on it to find Williams guilty. Indeed, the negative result of the drug test administered to Williams was known to and acknowledged by the hearing officer [DE 10-9]. Consequently, Officer Parnell's testimony regarding collection of the Petitioner's urine or the subsequent negative test result would not have affected the outcome of the proceeding and is harmless error.

Williams also alleges in Ground 2 of his petition that the hearing officer allowed an improper statement from Security System Administrator Will McGinnis into evidence. This is not a claim that the hearing officer denied Williams an exculpatory witness. Rather it is a claim that an inculpatory statement was improperly used against him. But the thrust of Williams' claim is that McGinnis' testimony was " NOT ACCEPTABLE under D.O.C. rules or the law." [DE 10-10 at 4] (emphasis in original). The problem with this argument is that writs of habeas corpus under § 2254 are only available for those in custody by virtue of a "violation of the Constitution or laws or treaties of the United States." So relief is available only from violations of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). That Mr. McGinnis's statement may not have comported with Indiana Department of Correction ("IDOC") policy states no claim upon which relief can be granted in this action. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

DENIAL OF RIGHT TO PRESENT EVIDENCE

In ground four of his habeas petition, Williams states that he "requested the urine test results sheet" but that the hearing officer ignored this request [DE 1 at 7]. As noted above, although the urine test result was not specifically referenced by the hearing officer, the record establishes that she was aware that the test was negative and acknowledged the negative test result in her statement of the facts relied on [DE 10-9 at 1]. Because the negative drug screen was undisputed and was acknowledged by the hearing officer, the fact that the drug screen documentation was not physically present at the hearing is not a basis for habeas relief. Any error that occurred with regard to the urine drug test result was harmless as presentation of that evidence at the hearing would not have affected the hearing's outcome.

In ground four of his petition, Williams also asserts that he "requested the video of the alleged incident which was denied" [DE 1 at 7-8]. He alleges that not allowing him to review the videotape violated IDOC policy and the Sixth and Fourteenth Amendments. In his traverse, Williams states that because the requested videotape was not provided to him, Indiana Department of Correction policy required the hearing officer and two other staff members to view the videotape [DE 13-1 at 4]. But, once again, a violation of IDOC policy is not a basis for habeas relief. *Hester v. McBride*, 966 F.Supp. 765 at 774-75.

Williams also argues that he is entitled to view the video himself under the Sixth and Fourteenth Amendments. The Sixth Amendment has no application to disciplinary hearings, *see Sash v. Zenk*, 439 F.3d at 63, but the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), "requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Accordingly, prisoners have a Fourteenth Amendment due process right to request exculpatory evidence, including security videotapes. In

*Piggie v. Cotton*, the United States Court of Appeals for the Seventh Circuit held that Piggie's request for the disciplinary hearing board to consider a security videotape entitled him to have the members of the disciplinary board review it though they could deny Piggie the right to see it himself based on valid security concerns. *Id.* at 679.

According to the Video Review Form in this case, the hearing officer reviewed the video and summarized it as showing "Supt. Wilson going into cell A422 and he then steps onto the range and talks to an offender" [DE 1-1, p.9]. Nothing in this description of the recording suggests content that is either inculpatory or exculpatory for the charges against Williams, which concerned activities within cell A422, not on the range outside it. The video was reviewed by the hearing officer, and denying Williams the opportunity to view the videotape himself did not deprive him of due process. The Video Review Form contains the hearing officer's determination that allowing Williams to view the video evidence would jeopardize the security of the facility by offering him knowledge of the security cameras' capabilities. *Id*. Even material and exculpatory evidence in prison disciplinary hearings may be withheld where disclosure would unduly threaten institutional concerns. *Piggie*, 344 F.3d at 678. Furthermore, because the videotape did not provide exculpatory evidence, not allowing Williams to view it personally would have been harmless error as it would not have affected the hearing's outcome. *O'Neal*, 513 U.S. at 435-36.

## DENIAL OF A WRITTEN COPY OF FACTS FOUND

In ground five of his petition, Williams argues that "[a]ny facts determined by the hearing officer must be supported by the record" [DE 1 at 8]. In order to comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons'" for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. at 564, quoting *Morrissey*

*v. Brewer,* 408 U.S. 471, 489 (1972). If a disciplinary hearing board's statement of facts relied on "establish[es] the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under review." *Redding v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983) *cert. denied*, 465 U.S. 1025 (1984).

The hearing officer wrote in the portion of the hearing form entitled "reason for the decision" that:

> I believe Supt. Wilson had worked in the DOC long enough to know the smell of marijuana. IA Mr. McGinnis's statement explains how a urinalysis test can falsly (sic) be neg. With these statements and the conduct report I do find Offender Williams guilty of a 202.

DE 10-9 at 1.  This description of the evidence and the hearing officer's rationale passes constitutional muster.  As the Seventh Circuit has explained:

> The line between constitutional adequacy and inadequacy is a fine, but important one. When the Committee writes "based on all available evidence the resident is guilty," no agency or court can discern the basis for the Committee's rulings. If, however, the Committee writes "resident is lying," or "the guard saw him therefore...," or "resident admits he committed the act charged," or "resident does not refute charges," or another statement establishing the evidence underlying its decision, then the inmate is protected from mischaracterization of the disciplinary action when it comes under review.

*Redding v. Fairman*, 717 F.2d at 1116.  Here, the hearing officer's stated reasons identify specific evidence that she took into account and credited, and provided Williams with an adequate statement of the rationale relied on to find him guilty.

Williams also asserts in ground five of his petition that the "preponderance of evidence in this case clearly supports a not guilty or dismissal ONLY" [DE 1 at 9] (emphasis in original). As noted above, the standard to be used in prison disciplinary hearings is not the preponderance of the evidence; rather the standard is whether there exists "*any evidence* in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass.*

7

*Correctional Institution v. Hill*, 472 U.S. at 455 (emphasis added). It is a modest standard with a "meager threshold." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). The hearing officer credited Supt. Wilson's statement that he smelled marijuana smoke when he approached Williams's cell, and credited the conduct report in which Officer Sikorski wrote that he observed Williams and other inmates "smoking something that smelt (sic) like marijuana" and that Williams and another inmate "immediately stood up and threw what appeared to be marijuana cigarettes into the toilet and flushed it" [DE 10-9 at 1]. Under the standards established by *Superintendent, Mass. Correctional Institution v. Hill*, this is sufficient evidence to support a finding of guilt on the charge of use or possession of a controlled substance.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** this petition for writ of habeas corpus [DE 1] and **DIRECTS** the Clerk to close this case.

    **SO ORDERED**.

    ENTERED: April 5, 2012

                         **/s/ Philip P. Simon**
                         PHILIP P. SIMON, CHIEF JUDGE
                         UNITED STATES DISTRICT COURT